NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: LAKE MATHEWS MINERAL PROPERTIES, LTD., <br><br> Debtor, <br> _____ <br><br> PAUL MERRITT, <br><br> Appellant, <br><br> v. <br><br> LAKE MATHEWS MINERAL PROPERTIES, LTD.; ELISSA D. MILLER, Trustee, <br><br> Appellees. | No. 20-55276 <br><br> D.C. No. 2:19-cv-00921-VAP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted August 4, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit
Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Paul Merritt appeals pro se from the district court's order affirming the bankruptcy court's order disallowing his proof of claim. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo a district court's judgment on appeal from a bankruptcy court. *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 526 (9th Cir. 2001). We apply the same standard of review applied by the district court, reviewing the bankruptcy court's legal conclusions de novo and its factual determinations for clear error. *Id.* We affirm.

The bankruptcy court properly disallowed Merritt's proof of claim because he failed to prove its validity by a preponderance of the evidence. *See Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000). The record demonstrates that Merritt has at most an equity interest in the debtor. "It is axiomatic that an allowed proof of claim requires something more than mere equity ownership." *In re USA Com. Mortg. Co.*, 377 B.R. 608, 615 (B.A.P. 9th Cir. 2007). The district court thus did not err in affirming the bankruptcy court's disallowance of Merritt's proof of claim.

Because the district court did not err in affirming the bankruptcy court's disallowance of Merritt's proof of claim, there was no error for the district court to correct on Merritt's motion for reconsideration. Thus, the district court did not

abuse its discretion in denying that motion.[1]  *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

We do not consider matters not specifically and distinctly raised and argued in the opening brief or arguments raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

---

[1] Appellee argues that the scope of this appeal is limited to review of the district court's order denying Merritt's motion for reconsideration.  However, because Merritt timely filed a reconsideration motion—which we construe as a motion for rehearing under Rule 8022 of the Federal Rules of Bankruptcy Procedure—and subsequently timely filed a notice of appeal following the district court's denial of his reconsideration motion, we have jurisdiction to review both the district court's order affirming the bankruptcy court's order disallowing Merritt's proof of claim and the district court's order denying Merritt's motion for reconsideration.  *See* Fed. R. App. P. 6; Fed. R. Bankr. P. 8022.